# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | Case No:  **05-95827-RFN-13** |
| **Joshua Lee Youngblood** | DATED:  **12/30/2005** |
| **Tara R. Lewis-Youngblood** | Chapter:  **13** |
| Debtor(s) | EIN: |
| Attorney Phone No:  **(817) 390-0065** | Judge: |

### DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION
### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 11-2-05

This Plan contains non-standard provisions:      ☐ yes    ☑ no

**A.  DEBTOR PAYMENTS**   DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF _____**$607.00**_____ PER MONTH
FOR _____**60**_____ MONTHS FOR A TOTAL OF_____**$36,420.00**_____ .
FIRST PAYMENT IS DUE _____**1/29/2006**_____ .
THE ESTIMATED UNSECURED CREDITORS POOL IS _____**$0.00**_____ calculated as:
_____**$0.00**_____ (Disposable income per § 1325(b)(2)) x _____**60 months**_____ (Commitment
period per § 1325(b)(4)), but not less than _____**$0.00**_____ pursuant to § 1325(a)(4).

**B.  ADMINISTRATIVE AND DSO CLAIMS:**

1.  **CLERK'S FILING FEE:**  Total filing fees paid through the plan are _____**$0.00**_____ and shall be paid in full prior to disbursements to any other creditor.

2.  **TRUSTEE FEES AND NOTICING FEES:** Trustee fees and any noticing fees shall be paid first out of each disbursement and as provided in General Order 2005-5.

3.  **DOMESTIC SUPPORT OBLIGATIONS:**  Debtor to pay all post-petition Domestic Support Obligatiions (as defined in § 101(14A)) directly to the holder of such obligation prior to discharge.  Pre-petition Domestic Support Obligations to be paid:

| NAME | CLAIM | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|
| | | | |

*The name(s), address(es) and telephone numbers of the holder(s) of any Domestic Support Obligation(s) (IF KNOWN) are as follows:*

**C.  ATTORNEY FEES:**  TO _____**Weldon R. Grisham**_____ , TOTAL:_____**$3,000.00**_____ ;
_____**$500.00**_____ PRE-PETITION; _____**$2,500.00**_____ THROUGH TRUSTEE.  PRE-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE PER THE AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS.  POST-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE MADE FROM FUNDS REMAINING AFTER PAYMENT OF ADMINISTRATIVE AND DSO CLAIMS AS PROVIDED ABOVE ('B') AND EACH SPECIFIED MONTHLY PLAN PAYMENT TO SECURED CREDITORS ('D' AND/OR 'E' BELOW) BUT BEFORE ANY PAYMENT TO PRO RATA SECURED CREDITORS ('D' AND/OR 'E' BELOW) AND BEFORE AND PAYMENT TO PRIORITY CREDITORS ('H' BELOW) OR UNSECURED CREDITORS ('I' AND 'J' BELOW).

**D.  HOME MORTGAGE**

| MORTGAGEE | ARR. AMT | ARR. THROUGH | % | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|---|---|
| | | | | | |

**E.(1)  SECURED CREDITORS--PAID BY THE TRUSTEE**

| CREDITOR / COLLATERAL | CLAIM | VALUE | % | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|---|---|
| **Prestige Financial** <br> **2003 Pontiac Grand Prix** | **$13,254.00** | **$13,254.00** | **8.25%** | **Month(s) 1-59** | **$276.00** |
| **Regional Acceptance Corporation** <br> **2002 Mazda 626** | **$7,549.00** | **$7,549.00** | **8.25%** | **Month(s) 1-56** | **$164.00** |

Case No:   05-95827-RFN-13
Debtor(s):   **Joshua Lee Youngblood**
**Tara R. Lewis-Youngblood**

### E.(2)  SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE

| CREDITOR / COLLATERAL | CLAIM | VALUE | % | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|---|---|
| | PAY (claim or value) | | | | |

*TO THE EXTENT THE VALUE AMOUNT IN E(2) IS LESS THAN THE CLAIM AMOUNT IN E(2), AND THE DEBTOR IS NOT PROPOSING TO PAY THE CLAIM AMOUNT, THE CREDITOR SHALL HAVE THE OPTION OF REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.  ABSENT SUCH OBJECTION, THE CREDITOR SHALL BE DEEMED TO HAVE ACCEPTED THE PROPOSED TREATMENT.*

*THE VALUATION OF COLLATERAL AND INTEREST RATE TO BE PAID ON THE ABOVE CLAIMS IN E(1) AND E(2) WILL BE FINALLY DETERMINED AT CONFIRMATION.*

### F.   SECURED CREDITORS--COLLATERAL TO BE SURRENDERED:

| CREDITOR / COLLATERAL | CLAIM | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

*The Automatic Stay will terminate as to Collateral listed in this paragraph upon filing hereof but nothing in this Plan shall be deemed to abrogate any applicable non-bankruptcy law contract rights of the Debtor(s).*

### G.   SECURED CREDITORS--PAID DIRECT BY DEBTOR

| CREDITOR / COLLATERAL | CLAIM | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

### H.   PRIORITY CREDITORS:

| CREDITOR | CLAIM | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|
| **Internal Revenue Service** | **$5,000.00** | **Month(s) 1-60** | **Pro-Rata** |

### I.   SPECIAL CLASS:

| CREDITOR / JUSTIFICATION | CLAIM | TERM (APPROXIMATE) | PAYMENT |
|---|---|---|---|
| | | | |

### J.   UNSECURED CREDITORS

| CREDITOR | CLAIM | COMMENT |
|---|---|---|
| **ACS Student Loans** | **$900.00** | |
| **Allied Interstate** | **$558.00** | |
| **Ameripath Texas** | **$225.00** | |
| **Associated Recovery Systems** | **$125.00** | |
| **Capital Recovery** | **$17.00** | |
| **Check-N-Go** | **$335.00** | |
| **Chevron USA** | **$266.00** | |
| **Compass Bank, c/o TRS Recovery** | **$580.00** | |
| **Computer Credit Inc.** | **$421.00** | |
| **CRA Security Systems** | **$79.00** | |
| **Devry University** | **$1,095.00** | |
| **DirecTV** | **$155.00** | |
| **EECU** | **$550.00** | |
| **First Premier Bank** | **$419.00** | |
| **Foley's** | **$83.00** | |
| **GC Services** | **$558.00** | |
| **Green Mountain** | **$511.00** | |

Case No:  05-95827-RFN-13
Debtor(s):  **Joshua Lee Youngblood**
**Tara R. Lewis-Youngblood**

| | |
|---|---|
| **HEB Energicare, PA** | **$475.00** |
| **Hibernia National Bank** | **$800.00** |
| **Hill College** | **$850.00** |
| **Liberty Loans** | **$350.00** |
| **NE Tarrant Internal Med.** | **$75.00** |
| **Orchard Bank** | **$587.00** |
| **Pay Day One** | **$275.00** |
| **Sonic Payday Loans** | **$425.00** |
| **Target - Retail National Bank** | **$400.00** |
| **TXU Energy** | **$421.00** |
| **USAA Bank** | **$295.00** |

UNSECURED CREDITORS ARE NOT GUARANTEED A DIVIDEND WHEN A PLAN IS CONFIRMED, SEE LOCAL BANKRUPTCY RULE 2005-05.  UNSECURED CREDITORS MAY RECEIVE A PRO-RATA SHARE OF THE UNSECURED CREDITOR POOL LESS ONLY ALLOWED DEBTOR'S ATTORNEY FEE.

**K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TREATMENT |
|---|---|---|---|
| | | **$0.00** | |

**L.**  'TERM (APPROXIMATE)' SHOWN HEREIN GIVES THE ESTIMATED NUMBER OF MONTHS FROM THE DATE OF CONFIRMATION REQUIRED TO FULLY PAY THE  BALANCE OF THE CLAIM AS OF THE DATE OF CONFIRMATION.  THE CALCULATION ASSUMES DEBTOR WILL TIMELY MAKE ALL PAYMENTS DUE BETWEEN DATE HEREOF AND DATE OF CONFIRMATION. (NOTE: IF *ADEQUATE PROTECTION PAYMENTS*  HAVE BEEN AUTHORIZED AND MADE, THEY WILL BE APPLIED TO PRINCIPAL AS TO UNDER-SECURED  CLAIMS AND ALLOCATED BETWEEN INTEREST AND PRINCIPAL AS TO OVER-SECURED  CLAIMS. *PAYMENT PURSUANT TO THIS PLAN WILL ONLY BE MADE TO SECURED, ADMINISTRATIVE, PRIORITY AND UNSECURED CLAIMS THAT HAVE BEEN ALLOWED OR THAT THE DEBTOR HAS AUTHORIZED IN AN ADEQUATE PROTECTION AUTHORIZATION.*

**M.  ADDITIONAL PLAN PROVISIONS:**
**None.**

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN--GENERAL PROVISIONS**
**FORM REVISED 11-2-05**

**A.  SUBMISSION OF DISPOSABLE INCOME**

Debtor(s) hereby submits such portion of future earnings or other future income as hereinafter provided to the supervision and control of the Trustee as necessary for the execution of the Plan as hereinafter provided.

Debtor proposes to PAY TO THE TRUSTEE the sums indicated in Section I, Part "A" hereof.  If applicable, cause exists for payment over a period of more than three (3) years.

Payment of any claim against the Debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

**B.  ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES**

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105(a), 503(b), 1326(b)(2), and 28 U.S.C. Sec 586(e)(1)(B).  The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586(e)(1)(B), shall be deducted from each payment.  Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule.  No Trustee fee will be collected on Noticing Fees.  Debtor will pay in full all Domestic Support Obligations that are due before discharge (including amounts due before the petition was filed, but only to the extent provided for in this Plan).

**C.  ATTORNEY FEES**

Debtor's(s') Attorney Fees totaling the amount indicated in Section I Part "C", shall be paid by the Trustee pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

Case No:    05-95827-RFN-13
Debtor(s):  **Joshua Lee Youngblood**
            **Tara R. Lewis-Youngblood**

---

**D.   PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGES)**

Arrearage on claims secured only be a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the amount and at the Annual Percentage of interest indicated in Section I, Part "D" herein.  To the extent interest is provided, interest will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequte protection paid less any interest (if applicable) made to the respective creditor by the Trustee.  Post petition payments may be paid "Direct" by Debtor(s), beginning with the first payment du after the 'ARR. THROUGH' date in Section I, Part "D".  Such creditors shall retain their liens.

**E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE**

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as 'SECURED' to the extent of the lesser of the allowed amount of the claim, as shown, or the VALUE, as shown, of the collateral which will be retained by the Debtor(s).  Any amount claimed in excess of the value of the collateral as shown shall automatically be "split" and treated as indicated in Section I, Part "H" or in 11 USC 1325(a)(5)(B)(i) unless otherwise provided in Section II part "M" or order of the court.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

**E.(2)   Section 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE**

Claims in Section I, Part "E(2)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a vehicle or a debt incurred within one year of the petition date secured by any other thing of value.

The claims shall be paid as indicated.  Such creditors shall retain their liens on the collateral described in Section I, Part E(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharged under Section 1328 and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the claim is fully secured, from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

To the extent a secured claim not provided for in Section I Part "D", "E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract.  Each secured claim shall constitute a separate class.

***TO THE EXTENT THE VALUE AMOUNT IN E(2) IS LESS THAN THE CLAIM AMOUNT IN E(2), AND THE DEBTOR IS NOT PROPOSING TO PAY THE CLAIM AMOUNT, THE CREDITOR SHALL HAVE THE OPTION REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.  ABSENT SUCH OBJECTION, THE CREDITOR SHALL BE DEEMED TO HAVE ACCEPTED THE PROPOSED TREATMENT.***

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL**

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral, as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation.  Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec 506(a).  Each secured claim shall constitute a separate class.

**G.   DIRECT PAYMENTS BY DEBTOR(S)**

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section I, Part "M".  Each secured claim shall constitute a separate class.

**H.   PRIORITY CLAIMS**

All allowed claims entitled to priority under Section 507(a) of the Bankruptcy Code will be paid in full (except as provided in Section 1322(a)(4)) in deferred installment unless the holder of such claim agrees to a different treatment of such claim.  The claims listed in Section I, Part "H" shall be paid by the Trustee, in full, as Priority, without interest at the monthly amount indicated, or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the Plan.

**I.   CLASSIFIED UNSECURED CLAIMS**

Classified unsecured claims shall be treated as allowed by the Court.

Case No:   05-95827-RFN-13
Debtor(s):  **Joshua Lee Youngblood**
          **Tara R. Lewis-Youngblood**

---

**J.   GENERAL UNSECURED CLAIMS TIMELY FILED**

All other claims not otherwise provided for herein shall be designated general unsecured claims.  Payments, if any, to general unsecured claims will be on a pro rata basis.  All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of teh Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the Petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and classified unsecured claims so long as each secured, priority, and classified unsecured creditor is receiving not less than its monthly installment as provided herein.  If the indicated monthly amount is insufficient to fully pay the monthly payment provided for such allowed secured, priority or classified unsecured claim(s) respectively, the Trustee shall pay in the following order: each classification of such allowed secured claim (s), priority claim(s) and classified unsecured claim(s) pro rata until all such payments within each subclass are current, prior to any other payments to allowed general unsecured claims.

General unsecured claims totaling the amount indicated in Section I Part "J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors pool estimated in Section I, Part "A" less debtors attorney fee, or funds remaining after all other payments provided herein.  This share is estimated to be the approximate amount indicated in Section I, Part "A" or the estimated % (if any) shown above.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As allowed by Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assumes or rejects the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K".

**L.   CLAIMS TO BE PAID**

See Section I, Part "L" of the Plan.

**M.   ADDITIONAL PLAN PROVISIONS**

The provisions set forth in Section I, Part "M" are additional Plan provisions not otherwise referred to herein.

**N.   POST-PETITION CLAIMS**

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, Debtor will modify this Plan.

**O.   LATED FILED CLAIMS AND CLAIMS NOT FILED**

Late filed unsecured claims on pre-petition debt shall be paid pro rata, only after all other timely filed unsecured claims are paid in full.  Such payment shall be before any payment on pre-petition non-pecuniary penalties.  Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims.  Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I.

**P.   CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES**

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only on a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

**Q.   CLAIMS FOR POST-PETITION PENALTIES AND INTEREST**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.   BUSINESS CASE OPERATING REPORTS**

Upon confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise.  However, a final operating report through the date of confirmation is required if operating reports were previously required.  Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

Case No:   05-95827-RFN-13
Debtor(s):   **Joshua Lee Youngblood**
              **Tara R. Lewis-Youngblood**

**S.   NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS**

The Trustee shall not be liable for any claims arising from the post-confirmation operation of Debtor's business.  Any claims against the Trustee arising from the preconfirmation operation of the Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

**T.   DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL**

Debtor shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without consent of the Trustee or order of the Court after notice to the Trustee and all creditors.  Upon conversion or dismissal of the case post confirmation, the Trustee shall disburse all funds on hand in accordance with this Plan.

**U.   ORDER OF PAYMENT**

All claims shown in Section I, will be paid in the following order from each disbursement, to the extent allowed:

    1st --   Administrative Fees and DSO claims in "B"
    2nd --   Specified monthly dollar amounts to secured claims in "D", "E(1)", and "E(2)"
    3rd --   Pro-rata among attorney fees in "C"
    4th --   Pro-rata among secured claims in "D", "E(1)" and "E(2)"
    5th --   Specified monthly dollar amounts to priority claims in "H"
    6th --   Pro-rata among priority claims in "H"
    7th --   Specified monthly dollar amounts to special class claims in "I"
    8th --   Pro-rata among special class claims in "I"
    9th --   Pro-rata among claims in "J" other than late filed and penalty claims
    10th --  Pro-rata among late filed priority claims in "H"
    11th --  Pro-rata among late filed general unsecured claims in "J"
    12th --  Pro-rata among penalty claims in "J".

**SECTION III**
**MOTION FOR VALUATION**

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby moves the Court to value the collateral described in Section I, Part "E" and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim.  **Any objection to valuation shall be filed at least five (5) business days prior to the date of the Trustee's pre-hearing conference, or be deemed waived.**

Respectfully submitted,                                    Case No.:   **05-95827-RFN-13**

**/s/ Weldon R. Grisham**
Weldon R. Grisham, Debtor's(s') Attorney

**08507200**
State Bar Number

**Weldon R. Grisham**
801 Cherry Street
Unit 7
Fort Worth TX 76102

Bar Number:   08507200
Phone:    (817) 390-0065

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**
Revised 11-1-05

| | |
|---|---|
| IN RE: § | |
| **Joshua Lee Youngblood** § | CASE NO:  **05-95827-RFN-13** |
| **Tara R. Lewis-Youngblood** § | |
| Debtor(s) § | |
| § | |

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS    DATED: **12/30/2005**        .

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed in accordance with General Order 2005-05, as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$607.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $0.00 |
| Trustee Fee | $60.20 | $60.70 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $27.88 | $0.00 |
| **Subtotal Expenses/Fees** | **$93.08** | **$60.70** |
| Available for Adequate Protection, Attorney Fees and Undisputed Priority Claims: | **$513.92** | **$546.30** |

### SECURED CREDITORS:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| Prestige Financial | 2003 Pontiac Grand Prix | $13,254.00 | $13,254.00 | 1.25% | $165.68 |
| Regional Acceptance Corporatio | 2002 Mazda 626 | $7,549.00 | $7,549.00 | 1.25% | $94.36 |

| | |
|---|---|
| Total Adequate Protection Payments for Secured Creditors: | **$260.04** |

### SPECIAL CLASS CREDITORS:

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

| | |
|---|---|
| Total Adequate Protection Payments for Special Class Creditors: | **$0.00** |
| Total Adequate Protection Payments: | **$260.04** |
| Funds Available For Debtor's Attorney First Disbursement: | **$253.88** |
| Funds Available For Debtor's Attorney Future Disbursements: | **$286.26** |
| Available For Secured Creditors as Authorized by the Plan: | **$546.30**** |

** Amount is based on the plan payment scheduled on the month following the month when the attorney fees are paid in full.
*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

**AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS**                 **Page 2**

DATED:__**01/31/2006**_____

_**/s/ Weldon R. Grisham**_____       _____
Attorney for Debtor(s)                                                                  Trustee, Attorney for Trustee or Trustee's Representative

---

\*\* Amount is based on the plan payment scheduled on the month following the month when the attorney fees are paid in full.
*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN RE:  **Joshua Lee Youngblood
Tara R. Lewis-Youngblood**

CASE NO.  **05-95827-RFN-13**

CHAPTER  **13**

## Certificate of Service

Certificate

| | | |
|---|---|---|
| ACS Student Loans<br>xxxxxx6631<br>501 Bleecker Street<br>Utica, NY 13501 | Compass Bank, c/o TRS Recovery<br>xxxxxxxxxx/xxxxxx7012<br>PO Box 17450<br>Denver, CO 80217 | Foley's<br>xxx-xx-8492<br>PO Box 94508<br>Cleveland, OH 44101-4508 |
| Allied Interstate<br>xxxxx1962<br>3000 Corporate Exchange Drive, 5th Fl.<br>Columbus, OH 43231 | Computer Credit Inc.<br>xxxxx8443<br>PO Box 5238<br>Winston Salem, NC 27113 | GC Services<br>xxxxx6185<br>PO Box 2667<br>Houston, TX 77252 |
| Ameripath Texas<br>xxxxxxxxxxx2/463<br>PO Box 5238<br>Winston-Salem, NC 27113-5238 | CRA Security Systems<br>xxxxxxx3-001<br>PO Box 67555<br>Harrisburg, PA 17106-7555 | Green Mountain<br>xxx8VYG<br>PO Box 42349<br>Austin, TX 78704 |
| Associated Recovery Systems<br>xxx-xx-8443<br>PO Box 469047<br>Escondido, CA 92046 | Devry University<br>xxx-xx-xxxx-0451<br>One Tower Lane<br>Oakbrook Terrace, IL 60181 | HEB Energicare, PA<br>xxxxxxxx3001<br>PO Box 960046<br>Oklahoma City, OK 73196 |
| Capital Recovery<br>xxxxxx9903<br>PO Box 844656<br>Dallas, TX 75284-4656 | DirecTV<br>xxxx4886<br>PO Box 78626<br>Phoenix, AZ 85062-8626 | Hibernia National Bank<br>xxxxxx9399<br>1110 E. Southlake Blvd.<br>Southlake, TX 76092 |
| Check-N-Go<br>xxx-xx-5663<br>2112 Harwood Road<br>Bedford, TX 76021 | EECU<br>xxx-xx-8443<br>1600 Campus Drive<br>Hurst, TX 76053 | Hill College<br>xxx-xx-8443<br>107 Lamar Drive<br>Hillsboro, TX 76645 |
| Chevron USA<br>xxx-xxx-802-4<br>PO Box 2001<br>Concord, CA 94529-0001 | First Premier Bank<br>xxxx-xxxx-xxx1-077<br>PO Box 5519<br>Sioux Falls, SD 57117-5519 | Internal Revenue Service<br>xxx-xx-5663<br>1100 Commerce Rm. 9A20<br>Stop 5024 DAL<br>Dallas, TX 75242 |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN RE:   **Joshua Lee Youngblood
Tara R. Lewis-Youngblood**

CASE NO.   **05-95827-RFN-13**

CHAPTER   **13**

### Certificate of Service

(Continuation Sheet #1)

Internal Revenue Service
Austin, TX 73301-0002

Sonic Payday Loans
xxxx0704
PO Box 1216
Oaks, PA 19456

Liberty Loans
xxx-xx-5663
2105 Harwood Road #213
Bedford, TX 76021

Target - Retail National Bank
x-xxx-xxx-x46-90
PO Box 59231
Minneapolis, MN 55459-0231

NE Tarrant Internal Med.
x8284
469 Westpark Way
Euless, TX 76040

TRS Recovery Services, Inc.
xxxxxx only
PO Box 17450
Denver, CO 80217

Orchard Bank
2059
PO Box 80084
Salinas, CA 93912-0084

TXU Energy
xxxxx6185
PO Box 660409
Dallas, TX 75266-0409

Pay Day One
xxx-xx-8443
PO Box 101842
Fort Worth, TX 76185

USAA Bank
xxxx9249
9800 Fredericksburg Road
San Antonio, TX 78288

Prestige Financial
xxxxx5663
1414 South 500 West
Salt Lake City, UT  84114

Regional Acceptance Corporation
xxxxxx3998
1420-B E. Firetower Road
Greenville, NC 27858